UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL WAYNE STEVENS, Jr., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 05-1466 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge |
| SUPERINTENDENT SHANNON, | ) | Francis X. Caiazza |
| et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus commenced by the Petitioner, Carl Wayne Stevens, Jr., be dismissed because it was not filed in a timely manner. It is further recommended that a certificate of appealability be denied.

### II. REPORT

The Petitioner, Carl Wayne Stevens, Jr. (the "Petitioner" or "Stevens"), a state prisoner presently incarcerated at the State Correctional Institution at Frackville, Pennsylvania, has filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1). For the reasons that follow, the petition should be dismissed because the Petitioner has failed to file his federal habeas petition within the applicable one-year limitations period. *See* 28 U.S.C. § 2244(d).

## A.   **The Relevant Procedural History**

On October 18, 1999, the Petitioner pled guilty to second-
degree murder and burglary in the Court of Common Pleas of
Washington County. The Honorable John F. Bell sentenced him to a
term of life imprisonment and a term of not less than ten nor
more than twenty years with respect to the two convictions.
Stevens did not file post-sentencing motions or a direct appeal.
Accordingly, his judgment of sentence became final thirty days
after his plea -on November 18, 1999. Pa.R.Crim.P. 1410(A)(3)
(1999) (renumbered as Rule 720(A)(3), effective April 1, 2001);
see Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a
judgment becomes final at the conclusion of direct review or the
expiration of time for seeking appellate review).

On April 27, 2005, the Petitioner filed in the Court of
Common Pleas a post-conviction motion for DNA testing.[1] Therein,
he stated that in September 1998, the police obtained samples of
his head hair and blood for comparison with crime scene evidence.
He next stated that he "does not know if the DNA seized from him
was ever compared to any crime scene evidence as . . . [he] was
never given any crime lab test[ ] results[.]" He requested that,
if no DNA testing was performed, the court provide an independent

---

[1]   The document the Petitioner filed was entitled: "*Motion for DNA
Testing In Forma Pauperis.*" The Common Pleas Court treated the
motion as one filed under the Pennsylvania's Post Conviction Relief
Act ("PCRA"), 42 Pa.Cons.Stat. § 9541, *et seq.*

-2-

expert to conduct such testing. In the alternative, if DNA

testing was conducted, he requested that he be provided with the

results.

On May 26, 2005, the Common Pleas Court denied the

Petitioner's motion. It explained that under Pennsylvania law,

"DNA testing is not available through post-conviction proceedings

when the defendant has entered a plea of guilty."[2] (Order ¶ 7

(citing Williams v. Erie Co. Dist. Attorney's Office, 848 A.2d

967 (Pa.Super.Ct. 2004), appeal den'd, 864 A.2d 530 (Pa. 2005)).

The Petitioner did not appeal the Common Pleas Court's decision.

On or about October 17, 2005, Stevens filed with this court

his *pro se* Petition for Writ of Habeas Corpus. (*See* Docs. 1 & 2).

He raises the following six claims:

(1)   "Whether the District Attorney of Washington
      County Pennsylvania [withheld] results of DNA
      tests?"

(2)   "Whether the District Attorney [withheld]
      discovery of the search warrant issued prior to
      trial for the extraction of Petitioner's DNA to
      compare to DNA from crime scene?"

(3)   "Whether the state court committed error by not
      conducting an on the record guilty plea
      [colloquy]?"

(4)   "Whether the state court violated due process of
      law pertaining to the guilty plea in this case and
      pertaining to not ordering DNA testing in this
      case?"

---

[2]   The Common Pleas Court also held that the Petitioner's motion failed
the technical pleading requirements of the DNA Testing Act. 42
Pa.Cons.Stat. § 9543.1(c).

-3-

(5) "Whether trial counsel was ineffective?"

(6) "Whether the plea of guilty was unlawfully induced, involuntarily and unknowingly entered?"

(Doc. 2 at 1).

## B. **Time Period for Filing Federal Habeas Corpus Petitions**

In their Answer, the Respondents contend that the Petitioner's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d)(1).[3] AEDPA requires, with a few exceptions not implicated here,[4] that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A).

As set out *supra*, the Petitioner's judgment of sentence became final on November 18, 1999. Accordingly, his one-year period for filing his federal habeas corpus petition commenced on

---

[3] The Petitioner contends that the Respondents waived the statute-of-limitations defense because they failed to file their Answer in a timely matter. (Doc. 12). There is no merit to this argument. The Respondents' Answer was filed on time in accordance with the court's December 20, 2005 Order (Doc. 9).

[4] The Petitioner does not allege any state action that prevented him from filing his petition; nor does he assert any claim that relies on a new rule of retroactively applicable constitutional law; and, the factual predicates upon which his claims are based concern events that took place during his pre-trial/trial/guilt plea proceedings and were therefore discoverable in the exercise of due diligence. *See*, 28 U.S.C. § 2244(d)(1)(B)-(D).

-4-

that date and expired on November 18, 2000. He, however, did not
file his federal habeas petition until -at the earliest- October
17, 2005. Therefore, the instant petition is untimely unless the
Petitioner has established that he is entitled to statutory
tolling as provided by 28 U.S.C. § 2244(d)(2) or has established
that equitable tolling should be applied on the facts presented.

## 1.   **Statutory Tolling**

Section 2244(d)(2) provides that "properly filed"
applications for post-conviction relief *that are pending during*
*AEDPA's limitations period* will statutorily toll that limitations
period. 28 U.S.C.6 § 2244(d)(2). Here, the Petitioner's post-
conviction motion did not toll AEDPA's limitations period because
it was commenced after the expiration of that limitations period.

## 2.   **Equitable Tolling**

The Petitioner also has not shown that he is entitled to
take advantage of the doctrine of equitable tolling in this
action. AEDPA's one-year limitation in § 2244(d) is a statute of
limitations, not a jurisdictional bar, and, therefore, may be
equitably tolled:

> Equitable tolling is proper only when the principles of
> equity would make the rigid application of a limitation
> period unfair. Generally, this will occur when the
> petitioner has in some extraordinary way been prevented
> from asserting his or her rights.  The petitioner must
> show that he or she exercised reasonable diligence in
> investigating and bringing the claims.  Mere excusable
> neglect is not sufficient.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19

(3d Cir. 1998) (internal citations, quotations, and punctuation omitted). *See also* Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

The Petitioner has not met his burden of establishing entitlement to the extraordinary remedy of equitable tolling. He fails to direct this court to any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.,* Lacava, 398 F.3d at 276-79.

\* \* \*

Based upon the record and the relevant law cited *supra* the court finds that the Petitioner, Carl Wayne Stevens, Jr., did not file a timely petition for writ of habeas corpus in accordance with the directives found in 28 U.S.C. § 2244(d).

## C.   **Certificate of Appealability**

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability  has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2). There is a difficulty

-6-

in the application of this provision whenever the District Court
does not decide the case on the merits but rather decides the
case on a procedural ground, without determining whether there
has been a denial of a constitutional right. In Slack v.
McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that
"[w]hen the district court denies a habeas petition on procedural
grounds without reaching the prisoner's underlying constitutional
claim, a [certificate of appealability] should issue when the
prisoner shows, at least, that jurists of reason would find it
debatable whether the petition states a valid claim of the denial
of a constitutional right and that jurists of reason would find
it debatable whether the district court was correct in its
procedural ruling."

Applying this standard here, the court concludes that
jurists of reason would not find it debatable whether the
Petition for Writ of Habeas Corpus commenced by Stevens was filed
within the one-year limitation period which is provided for under
AEDPA. Accordingly, a certificate of appealability should be
denied.

### III.   CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Carol Wayne Stevens, Jr. be dismissed with prejudice and that a certificate of appealability likewise be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 10, 2006. Responses to objections are due by April 20, 2006. Failure to file timely objections may constitute a waiver of any appellate rights.

March 23, 2006

Francis X. Caiozza
FRANCIS X. CAIAZZA
U.S. Magistrate Judge

-8-