```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

CARL WAYNE STEVENS,              )
                                 )
    Petitioner,                  )
                                 )
    v.                           )   CIVIL ACTION NO 05-1466
                                 )
                                 )
SUPERINTENDENT SHANNON, *et al.*,)
                                 )
    Respondents.                 )

### MEMORANDUM ORDER

Carl Wayne Stevens' Petition for Writ of Habeas Corpus was received by the Clerk of Court on October 20, 2005, and was referred to United States Magistrate Judge Francis X. Caiazza for a Report and Recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's Report and Recommendation, filed on March 23, 2006, recommended that the Petitioner's claims be dismissed with prejudice because they were not filed in a timely manner pursuant to the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1)(A). The magistrate judge also recommended that a certificate of appealability be denied.

The Petitioner filed Objections to the magistrate judge's Report and Recommendation on April 6, 2006. (Doc. 14). None of the arguments he raises therein has any merit.

1

First, the Petitioner contends that his federal habeas corpus petition is timely filed under AEDPA because he filed it within one year of the disposition of his state post-conviction motion (which was entitled *Motion for DNA Testing In Forma Pauperis* and which was denied by the state court in May 2005). AEDPA expressly requires, however, that, with a few exceptions not implicated here,[1] a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). As the magistrate judge explained, the Petitioner's judgment of sentence became final on November 18, 1999. Thus, he had one year from that date to file a timely federal habeas corpus petition. Accordingly, his October 2005 federal habeas corpus petition was not filed in a timely manner.

Moreover, the timeliness of his state post-conviction motion is not relevant to whether the Petitioner is entitled to statutory tolling of AEDPA's limitation period. *See* 28 U.S.C.

---

[1] The Petitioner does not allege any state action that prevented him from filing his petition; nor does he assert any claim that relies on a new rule of retroactively applicable constitutional law; and, the factual predicates upon which his claims are based concern events that took place during his pre-trial/trial/guilt plea proceedings and were therefore discoverable in the exercise of due diligence. *See*, 28 U.S.C. § 2244(d)(1)(B)-(D).

2

§ 2244(d)(2).[2] Because the Petitioner filed the state motion in April 2005 -well *after* AEDPA's statute of limitations had expired -it could not serve to toll that limitations period. Id.

Second, the Petitioner contends that the magistrate judge erred in relying upon the Superior Court of Pennsylvania's decision, Williams v. Eric County District Attorney's Office, 848 A.2d 967 (Pa. Super. Ct. 2004). The magistrate judge did not rely upon Williams in making his recommendation to this court, nor is that decision relevant to this court's disposition of the Petitioner's federal habeas corpus petition.[3]

Next, the Petitioner objects to the magistrate judge's recommendation because the Respondents did not produce to this court the entire state court record. This argument is rejected because the Respondents filed with their Answer all relevant state court records, including the Petitioner's Plea and

---

[2] Section 2244(d)(2) provides that "properly filed" applications for post-conviction relief *that are pending during AEDPA's limitations period* will statutorily toll that limitations period. 28 U.S.C.6 § 2244(d)(2).

[3] The Honorable John F. Bell of the Court of Common Pleas of Washington County relied upon Williams in denying Petitioner's *Motion for DNA Testing*. In Williams, the Superior Court of Pennsylvania held that post-conviction DNA testing is not available to a defendant when, as is the case here, he pleaded guilty. Judge Bell's reliance upon Williams and his denial of Petitioner's *Motion for DNA Testing* is not at issue in the instant federal action because the motion was filed well after AEDPA's statute of limitations had expired, and, as a result, it could not toll that limitations period. Judge Bell's resolution of the motion simply has no bearing on these proceedings.

Sentence, dated October 18, 1999, his *Motion for DNA Testing*, the Commonwealth's response thereto, and the state court's Order, dated May 26, 2005, dismissing the Petitioner's motion. (*See* Doc. 11).

Finally, the Petitioner contends that he is entitled to an evidentiary hearing to support his claim that the Commonwealth suppressed DNA laboratory test results in violation of its obligations under Brady v. Maryland, 373 U.S. 83 (1963). A federal habeas corpus petitioner is not automatically entitled to an evidentiary hearing on the merits of a claim and must surmount significant statutory barriers enacted by AEDPA before a district court may conduct such a hearing. *See* 28 U.S.C. § 2254(e)(2). The court need not determine whether the Petitioner can surmount the statutory prerequisites for a hearing on the merits of his Brady claim however, because that claim is time barred. And, importantly, the Petitioner does not contend that his Brady claim is premised upon a factual predicate that could not have been discovered through the exercise of due diligence and that the Commonwealth's purported actions resulted in his failure to file his Brady claim in a timely manner. 28 U.S.C. § 2244(d)(1)(D).[4]

---

[4] Parenthetically, the Petitioner acknowledges that he was aware that the Commonwealth collected hair and blood samples to conduct DNA testing. Although he claims that he never "saw" the results of the testing and does not know if testing was conducted, the Commonwealth averred before the state court in its *Motion to Dismiss* that that the results of DNA tests were turned over to the Petitioner's trial counsel, along with the entire
(continued...)

<301>In conclusion, after de novo review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the following order is entered:

AND NOW, this 28th day of April, 2006;

IT IS HEREBY ORDERED that the Petition for a Writ of Habeas Corpus is DISMISSED WITH PREJUDICE and that a certificate of appealability is denied.

The Report and Recommendation of Magistrate Judge Caiazza, dated March 23, 2006, is adopted as the opinion of the court.

Joy Flowers Conti
U.S. District Court Judge

cc:
Francis X. Caiazza
U.S. Magistrate Judge

Carl Wayne Stevens, JR, FB-5648
S.C.I. at Frackville
1111 Altamont Blvd
Frackville, PA 17931

Paul M. Petro, Esq.

---

[4] (...continued)
State Police file. The Commonwealth also stated that the DNA testing, performed by the State Police Greensburg Crime Laboratory, matched the Petitioner with the DNA found at the crime scene.